IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Ronald P. Little<br><br>Plaintiff,<br><br>v.<br><br>Paul's Body & Paint Shop, Inc., Paul N. Overton, and Wendy Hughes.<br><br>Defendants. | RECEIVED<br>2007 JUN 15 P 12: 05<br>DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br><br>CIVIL ACTION NO. 2:07-CV-531-MHT |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§1021(a)(2), 1021(d), 1024(a)(4), 1025(a)(1)(A), 1104(a)(1), 1105(a), 1106(a) & (b), 1132(a)(1) & (3), 1132(c)(1) & (3) and 1145 (as applicable). This is a lawsuit for violations of ERISA, in particular failing to provide the requisite notices and information upon written request as required under ERISA, failing to provide the requisite notices at other times required, and for breaches of fiduciary duty for failing to remit funds to the administrator in a timely manner or at all. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the above statutes providing damages, injunctive and other relief for breaches of fiduciary duties and failure to provide requested information.

2. Venue is proper in the Middle District of Alabama, Northern Division in that Plaintiff is a resident of Elmore County, Alabama and was employed by the Defendant, Paul's Body & Paint Shop, Inc., in Montgomery County, Alabama in the Middle District of Alabama and in the Northern Division of said Middle District.

### II. PARTIES

3. Plaintiff, Ronald Little ("Little"), is a resident of Wetumpka, Alabama and was employed by the Defendant, Paul's Body & Paint Shop, Inc., as a manager.

4. Defendant, Paul's Body & Paint Shop, Inc., is an Alabama corporation with headquarters in Montgomery, Alabama and doing business in Alabama.

5. At all times relevant hereto Defendant Paul's Body & Paint Shop, Inc., has maintained and operated a business in Alabama in an industry affecting interstate commerce.

6. Defendant Paul Overton is the owner and operator of Defendant Paul's Body & Paint Shop, Inc., and at all times relevant hereto acted directly as a Plaintiff's employer, or indirectly in the interest of Plaintiff's employer, in relation to Plaintiff's employee benefit plan.

7. Defendant Paul Overton is an employer of Plaintiff as that term is defined under 29 U.S.C. §1002(2).

8. Defendant Paul Overton is an administrator and plan sponsor of Plaintiff's Retirement Benefit Plan as those terms are defined under 29 U.S.C. §1002(16).

9. Defendant Paul Overton is a fiduciary of Plaintiff's Retirement Benefit Plan as that term is described under 29 U.S.C. §1002(21).

10. Defendant Wendy Hughes is the Human Resources Director, of Defendant Paul's Body & Paint Shop, Inc., and at all times relevant hereto acted directly as a Plaintiff's employer, or indirectly in the interest of Plaintiff's employer, in relation to Plaintiff's employee benefit plan. Hughes was responsible for all payroll deductions for the welfare benefit plan and required notices.

11. Defendant Wendy Hughes is an employer of Plaintiff as that term is defined under 29 U.S.C. §1002(2).

12. Defendant Wendy Hughes is an administrator and plan sponsor of Plaintiff's Retirement Benefit Plan as those terms are defined under 29 U.S.C. §1002(16).

13. Defendant Wendy Hughes is a fiduciary of Plaintiff's Retirement Benefit Plan as that term is described under 29 U.S.C. §1002(21).

### III. STATEMENT OF PLAINTIFF'S CLAIMS

14. Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 - 13 as if fully set forth herein.

15. Little was employed by the Defendant for approximately 3½ years as a manager in Montgomery, Alabama.

16. During his employment, Little participated in an individual account retirement plan through his employer, Paul's Body & Paint Shop, Inc.

17. Said plan was managed by the Smith Barney division of Citigroup Global Markets, Inc and CitiStreet Financial Services, LLC (hereinafter "Smith Barney").

18. The plan was identified as Paul's Body & Paint Shop, Inc. 401(K) plan.

19. During his employment, Little's pay check was deducted certain amounts for investment in the plan.

20. Little's employer was required, pursuant to the terms of the plan, to match said deductions and remit all such funds to the plan investment managers at Smith Barney.

21. Throughout Little's employment, Defendants represented to him that the amounts deducted and employer contributions were in fact being remitted properly and timely.

22. However, throughout the operation of the plan, the Defendants, Paul's Body & Paint Shop, Inc., Paul Overton and Wendy Hughes failed to remit funds in a timely manner to Smith Barney.

23. Funds were often not remitted for over 6 months or greater.

24. Upon information and belief, some funds have never been remitted.

25. In October, 2006 Plaintiff ended his employment with Defendants.

26. At the time of his termination, Little made inquiries into the status of his plan and the funds therein.

27. Shortly thereafter, Defendants remitted a large amount of funds into the plan – representing apparently 6 months of overdue payments.

28. Over the next several months, Plaintiff made repeated written requests for a Summary Plan Description, an annual report, an annual statement, an accounting of all funds, and other disclosures to which he is entitled pursuant to ERISA, 29 U.S.C. §§1021, 1024 and 1025, to all Defendants.

29. Defendants Paul's Body & Paint Shop, Inc., Paul Overton, and Wendy Hughes, refused to provide the information requests despite several written demands.

30. As a result of Defendants' failure to provide information and to timely remit funds as required under ERISA, Plaintiff has had no accounting of his plan, he has suffered a loss of investments and interests that he otherwise would have gained had funds been properly remitted and he has otherwise been damaged.

## COUNT I –VIOLATION OF 29 U.S.C. §1021(a)

31. Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 - 30 as if fully set forth herein.

32. Plaintiff brings this count pursuant to 29 U.S.C. §§1132(a)(1)(A) & (a)(3) to enforce his rights under 29 U.S.C. §1132(c)(1)(B) and to obtain appropriate equitable relief.

33. Defendants Paul's Body & Paint Shop, Inc., Paul Overton, and Wendy Hughes, failed to provide information after written request that was required to be produced pursuant to 29 U.S.C. §1021(a)(1), a summary plan description.

34. Little was never initially supplied a summary plan description.

35. Little was denied a summary plan description after repeated written requests for said summary plan description after his termination in October, 2006.

36. As a result of Defendant's failures to comply with ERISA, 29 U.S.C. §1021(a)(1), Plaintiff has been damaged by being without an ability to understand the plan, his rights under the plan or to evaluate whether further breaches of fiduciary duty have been made and has otherwise been damaged and injured.

37. Plaintiff respectfully requests an entry of Judgment against the Defendants and an order requiring them to make Plaintiff whole by granting:

    (a) a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at Defendants' requests from violating ERISA, 29 U.S.C. §1021(a)(1).

    (b) appropriate declaratory relief, including disclosure of a summary plan description, and liquidated damages in the amount of $100/day pursuant to 29 U.S.C. §1132(c), interest, attorneys' fees, expenses and costs.

    (c) Such other, different and additional relief and benefits as justice may require.

### COUNT II –VIOLATION OF 29 U.S.C. §1021(d)

38. Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 - 37 as if fully set forth herein.

39. Plaintiff brings this count pursuant to 29 U.S.C. §§1132(a)(1)(A) & (a)(3) to enforce his rights under 29 U.S.C. §1132(c)(3) and to obtain appropriate equitable relief.

40. Defendants Paul's Body & Paint Shop, Inc., Paul Overton, and Wendy Hughes, as administrators and plan sponsors of the Plaintiff's individual account retirement plan, failed to remit installments or other payments to Smith Barney as required by the plan.

41. Defendants Paul's Body & Paint Shop, Inc., Paul Overton, and Wendy Hughes, as administrators and plan sponsors of the Plaintiff's individual account retirement

plan, failed to notify plaintiff of their failure to make required installments or other payments before the 60th day following the due dates for such installments or other payments as required pursuant to 29 U.S.C. §1021(d)(1).

42. Defendants have never filed for a waiver request with the Secretary pursuant to 29 U.S.C. §1021(d)(2).

43. Plaintiff respectfully requests an entry of Judgment against the Defendants and an order requiring them to make Plaintiff whole by granting:

(a) a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at Defendants' requests from further violations of ERISA, 29 U.S.C. §1021(d)(1).

(b) appropriate declaratory relief, including liquidated damages in the amount of $100/day pursuant to 29 U.S.C. §1132(c)(3), interest, attorneys' fees, expenses and costs.

(c) Such other, different and additional relief and benefits as justice may require.

### COUNT III –VIOLATION OF 29 U.S.C. §1025(a)(1)(A)

44. Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 – 43 as if fully set forth herein.

45. Plaintiff brings this count pursuant to 29 U.S.C. §§1132(a)(1)(A) & (a)(3) to enforce his rights under 29 U.S.C. §1132(c)(1)(B) and to obtain appropriate equitable relief.

46. Defendants Paul's Body & Paint Shop, Inc., Paul Overton, and Wendy Hughes, failed to provide information both quarterly and after written request that was required to be produced pursuant to 29 U.S.C. §1025(a)(1)(A)(i) & (iii), a copy of Plaintiff's pension benefit statement and documents related thereto.

47. Little was never provided a copy of his pension benefit statement on a quarterly basis as required by 29 U.S.C. §1025(a)(1)(A)(i).

48. Little was denied a copy of his pension benefit statement after repeated written requests for said annual report after his termination in October, 2006 as required by 29 U.S.C. §1025(a)(1)(A)(ii).

49. As a result of Defendants' failures to comply with ERISA, 29 U.S.C. §1025(a)(1)(A)(i) & (iii), Plaintiff has been damaged by being without an ability to understand the plan, his rights under the plan, whether his funds have been remitted or not, or to evaluate whether further breaches of fiduciary duty have been made and has otherwise been damaged and injured.

50. Plaintiff respectfully requests an entry of Judgment against the Defendants and an order requiring them to make Plaintiff whole by granting:

   (a) a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at Defendants' requests from violating ERISA, 29 U.S.C. §1025(a)(1)(A)(i) & (iii).

   (b) appropriate declaratory relief, including disclosure of a summary plan description, and liquidated damages in the amount of $100/day pursuant to 29 U.S.C. §1132(c), interest, attorneys' fees, expenses and costs.

   (c) Such other, different and additional relief and benefits as justice may require.

### COUNT IV –VIOLATION OF 29 U.S.C. §§1104 & 1105

51. Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 - 50 as if fully set forth herein.

52. Plaintiff brings this count pursuant to 29 U.S.C. §§1132(a)(1)(B) & (a)(3) to enforce his rights under the terms of the plan or to clarify his right to future benefits under the terms of the plan and to obtain appropriate equitable relief to redress violations for breaches of fiduciary duties under the terms of the plan and to compel the Defendants to make good any losses to his plan as a result of their breach of fiduciary duties under 29 U.S.C. §1109(a).

53. Defendants Paul's Body & Paint Shop, Inc., Paul Overton, and Wendy Hughes, are fiduciaries and co-fiduciaries under the terms of the plan and under ERISA.

54. Defendants breached their fiduciary duties under ERISA in that they did not discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries, nor in accordance with the documents and instruments governing the plan in violation of 29 U.S.C. §§1104(a)(1).

55. To the extent that any of the Defendants was not an actual fiduciary, they were a co-fiduciary and liable for the breaches of such other fiduciaries in that they knowingly participated in or knowingly undertook to conceal such other fiduciaries breaches of fiduciary duty, and/or failed to comply with 29 U.S.C. §1104(a)(1) enabling such other fiduciaries to commit breaches of fiduciary duties; and/or had knowledge of a breach by such other fiduciaries and made no reasonable efforts under the circumstances to remedy the breach.

56. Specifically, Defendants failed to remit funds withheld from Little's paychecks and failed to timely remit funds withheld from Little's paychecks.

57. By failing to remit funds Defendants have engaged in prohibited transactions, specifically transferring to or use by or for the benefit of a party in interest, the assets of the plan that were to be remitted, in violation of 29 U.S.C. §1106(a)(1)(D).

58. By failing to remit funds Defendants as fiduciaries have dealt with assets of the plan in their own interest and/or for their own account, in violation of 29 U.S.C. §1106(b).

59. Defendants as employers of Little had an obligation to make have dealt with assets of the plan in their own interest and/or for their own account, in violation of 29 U.S.C. §1106(b).

60. Under information and belief, the plan is not a multiemployer plan, but should such a determination be made then the Defendants failure to make contributions to the plan is a violation of 29 U.S.C. §1145.

61. As a result of Defendants' breaches of fiduciary duties, Plaintiff has lost interest income in the plan and lost income in the plan.

62. Plaintiff respectfully requests an entry of Judgment against the Defendants and an order requiring them to make Plaintiff whole by granting:

   (a) a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at Defendants' requests from violating ERISA, 29 U.S.C. §§1104, 1105 and 1145.

   (b) appropriate declaratory relief, including making the plan whole for all such losses caused by interest losses, and by failing to make required remittances to the plan pursuant to 29 U.S.C. §1109, plus interest, attorneys' fees, expenses and costs.

   (c) Such other, different and additional relief and benefits as justice may require.

_____
STERLING L. DERAMUS
Attorney for Plaintiff

2015 First Avenue North
Birmingham, AL 35203
(205) 458-1100

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

Defendants' Addresses:

Paul's Body & Paint Shop, Inc.
c/o Paul N. Overton or Wendy Hughes
3560 Atlanta Highway
Montgomery, Alabama 36109

Paul N. Overton
Paul's Body & Paint Shop, Inc.
3560 Atlanta Highway
Montgomery, Alabama 36109

Wendy Hughes
Paul's Body & Paint Shop, Inc.
3560 Atlanta Highway
Montgomery, Alabama 36109