**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **RONALD P. LITTLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **NO.: 2:07-CV-531-MHT** |
| ) | |
| **PAUL'S BODY & PAINT SHOP, INC.,** ) | |
| **PAUL N. OVERTON, and WENDY HUGHES,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO
CONTINUE PRETRIAL CONFERENCE AND TRIAL DATE**

Comes now the Plaintiff, Ronald P. Little, and moves the Court, for the reasons expressed herein, to enter an order compelling the Defendants to answer Plaintiff's First Interrogatories to Defendants and to respond to and permit inspection of the documents requested in Plaintiff's First Request for Production of Documents to Defendants, and to continue the pretrial conference and trial of this case for a period of approximately forty-five days or such longer or shorter time as the Court sees fit. In support of this motion, Plaintiff avers as follows:

1.  Plaintiff's counsel certifies that prior to the filing of this motion he attempted to confer with counsel for the Defendants for the past ten days but has not been able to communicate with counsel for the Defendants. Counsel for Defendants was apparently out of the country last week and has not been available since her return.

2.  Plaintiff served Plaintiff's First Interrogatories to Defendants, a copy of which is attached hereto as Exhibit A, and Plaintiff's First Request for Production of Documents

to Defendants, a copy of which is attached hereto as Exhibit B, on counsel for Defendants on October 18, 2007. Defendants have not formally responded to those discovery requests. On November 28, 2007 counsel for Defendants sent some documents to Plaintiff's counsel, but the documents were incomplete, not fully responsive, and some were unreadable. No interrogatory answers were provided. Counsel for Defendants stated that discovery responses would be forwarded by November 30, but none were received.

    3.    This is a non-jury case. The parties have focused their efforts, thus far, on attempting to settle this case and minimizing the cost and expense to the parties that would be incurred in discovery and which would be an impediment to settlement. The parties engaged in a face-to-face settlement conference and have continued to discuss settlement since that time, and desire to continue to discuss settlement. Counsel for Plaintiff and Defendants feel that this case could settle, particularly with the assistance of a Magistrate Judge Mediation. The parties feel that the expense of a private mediator would be an impediment to settlement.

    4.    A pretrial conference is presently set in this case for February 20, 2008 and trial is set for the trial term beginning April 14, 2008. Plaintiff asks this Court to enter an order compelling Defendants to fully answer Plaintiff First Interrogatories to Defendants and compelling Defendants to respond to and permit inspection of the documents requested in Plaintiff's First Request for Production of Documents to Defendants within 30 days and to continue the pretrial conference and trial of this case each for a period of approximately 45

days or such shorter or longer period as the Court sees fit, in order to enable the parties to complete discovery and to accomplish Magistrate Judge Mediation.   Counsel believes this course of action will maximize chances for resolution of this case and promote judicial economy.

Dated this <u>30th </u>day of <u>January</u>, 2008.

<u> /s/Gerald L. Miller         </u><br>
GERALD L. MILLER (MIL039)<br>
Attorney for Plaintiff<br>
Ronald P. Little

**OF COUNSEL**:
**REDDEN, MILLS & CLARK, LLP**
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 322-0457 - office

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stacy Lott Reed
Law Office of Stacy Reed
441 High Street, Suite 105 (36104)
Post Office Box 1223
Montgomery, AL 36102-1223
(334)265-5001

 /s/Gerald L. Miller         <br>
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD P. LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 2:07-CV-531-MHT |
| | ) | |
| PAUL'S BODY & PAINT SHOP, INC., | ) | |
| PAUL N. OVERTON, and WENDY HUGHES, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Comes now the Plaintiff, Ronald P. Little, and propounds the following Interrogatories to the Defendants, Paul's Body & Paint Shop, Inc.; Paul N. Overton; and Wendy Hughes, to be answered <u>separately</u> by them, in accordance with the Federal Rules of Civil Procedure:

1. Please state your name, employer, and job title.

2. Please list each sum of money withheld from Plaintiff's pay during Plaintiff's employment with Defendants for the purpose of contributions for Plaintiff's benefit to Paul's Body & Paint Shop, Inc. 401(K) Plan, giving in your answer as to each amount withheld, the following information:

   a. The date each amount was withheld

   b. The amount withheld

   c. The amount remitted to Smith Barney, CitiGroup Global Markets, Inc. or Citi Street Financial Services, LLC for the benefit of Plaintiff

   d. The date each such amount was remitted to Smith Barney, CitiGroup Global Markets, Inc. or Citi Street Financial Services, LLC for the

-1-



PLAINTIFF'S
EXHIBIT
A

benefit of Plaintiff.

3. For each matching employer contribution, or safe-harbor contribution made by Defendants on behalf of the Plaintiff, please state the following:

    a. The amount of each matching employer contribution or safe-harbor contribution

    b. The date each matching employer contribution or safe-harbor contribution was remitted to Smith Barney, CitiGroup Global Markets, Inc. or Citi Street Financial Services, LLC.

4. Please state the name, business address, and job title of the person responsible for making all payroll deductions and remitting said amounts for Paul's Body & Paint Shop, Inc. 401(K) Plan during the period from January 2003 through December 2006.

5. Please state the name, address and location of the person or entity to which payroll deductions from Plaintiff's pay were sent on behalf of Plaintiff for Paul's Body & Paint Shop, Inc. 401(K) Plan, and the manner in which such funds were remitted.

6. Please state the date the Paul's Body & Paint Shop, Inc. 401(K) Plan was adopted and state whether such Plan is still in existence and, if not, the date said Plan ceased to exist.

Dated this 18th day of October, 2007.

                                        *[signature]*
                                        GERALD L. MILLER (MIL039)
                                        Attorney for Plaintiff
                                        Ronald P. Little

**OF COUNSEL:**
**REDDEN, MILLS & CLARK, LLP**
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 322-0457 - office

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Interrogatories on the Attorney of Record for the Defendants by mailing a copy of the same to her in the United States mail properly addressed and with sufficient postage prepaid, this the 15th day of October, 2007.

Stacy Lott Reed
Law Office of Stacy Reed
441 High Street, Suite 105 (36104)
Post Office Box 1223
Montgomery, AL 36102-1223
(334)265-5001

*Gerald L. Miller*
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD P. LITTLE, | ) |
| Plaintiff, | ) |
| v. | ) NO.: 2:07-CV-531-MHT |
| PAUL'S BODY & PAINT SHOP, INC., PAUL N. OVERTON, and WENDY HUGHES, | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Comes now the Plaintiff, Ronald P. Little, and requests the Defendants Paul's Body & Paint Shop, Inc., Paul N. Overton, and Wendy Hughes, <u>separately</u>, to permit the Plaintiff to inspect and copy the following documents in accordance with the Federal Rules of Civil Procedure:

1. All payroll records, paystubs, and other records reflecting each sum of money withheld, and the date each sum of money was withheld, from Plaintiff's pay during Plaintiff's employment with Defendants for the purpose of contributions for Plaintiff's benefit to Paul's Body & Paint Shop, Inc. 401(K) Plan.

2. Plaintiff's Retirement Plan Enrollment Form and Beneficiary Designation Form and any documents making changes thereto.

3. Plaintiff's personnel file.

4. All notes, correspondence and other documents of any sort or type sent by the Plaintiff to you or given to you by the Plaintiff.

5. All documents in your possession relating to Plaintiff's participation in Paul's Body & Paint Shop, Inc. 401(K) Plan.

-1-



PLAINTIFF'S EXHIBIT B

Paint Shop, Inc. 401(K) Plan or to CitiGroup Global Markets, Inc., CitiStreet Financial Services, LLC or Smith Barney during Plaintiff's employment with Defendants.

7. A copy of all checks or other payments made on behalf of Plaintiff to Paul's Body & Paint Shop, Inc. 401(K) Plan or to CitiGroup Global Markets, Inc., CitiStreet Financial Services, LLC or Smith Barney during Plaintiff's employment with Defendants.

8. Any and all correspondence, notices, and other documents received by you relating to delinquent contributions owed to Paul's Body & Paint Shop, Inc. 401(K) Plan during the period from January, 2003 through December 2006.

9. A copy of the Paul's Body & Paint Shop, Inc. 401(K) Plan and all amendments thereto from its inception to the present date.

10. All Summary Plan Descriptions for Paul's Body & Paint Shop, Inc. 401(K) Plan from the inception of said Plan through the present date.

11. All periodic reports, periodic statements, notices, and correspondence received by you relating to Paul's Body & Paint Shop, Inc. 401(K) Plan during the period from January, 2003 through December, 2006.

12. A copy of all quarterly, annual, and other written notifications and information sent to Plaintiff by Defendants concerning Plaintiff's participation in the Paul's Body & Paint Shop, Inc. 401(K) Plan during Plaintiff's employment with Defendants.

13. All waiver requests filed by Defendants with the Secretary of Labor pursuant to 29 U.S.C. § 1021(d)(2) with respect to Paul's Body & Paint Shop, Inc. 401(K) Plan.

14. All documents reflecting the rate of investment return from January, 2003 through December, 2006 of investments for the Paul's Body & Paint Shop, Inc. 401(K) Plan.

15. All annual reports, terminal reports, and supplementary reports filed by Defendants with the Secretary of Labor pursuant to 29 U.S.C. § 1021(b) with respect to Paul's Body & Paint

-2-

Dated this 18th day of October, 2007

*[signature: Gerald L. Miller]*
GERALD L. MILLER (MIL039)
Attorney for Plaintiff
Ronald P. Little

**OF COUNSEL**
**REDDEN, MILLS & CLARK, LLP**
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 322-0457 - office

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Request for Production on the Attorney of Record for the Defendants by mailing a copy of the same to her in the United States mail properly addressed and with sufficient postage prepaid, this the 18th day of October, 2007

Stacy Lott Reed
Law Office of Stacy Reed
441 High Street, Suite 105 (36104)
Post Office Box 1223
Montgomery, AL 36102-1223
(334)265-5001

*[signature: Gerald L. Miller]*
Of Counsel

-3-