IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD P. LITTLE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   NO.: 2:07-CV-531-MHT ) |
| PAUL'S BODY & PAINT SHOP, INC., PAUL N. OVERTON, and WENDY HUGHES, | ) ) ) |
|     Defendants. | ) ) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on February 20, 2008, wherein the following proceedings were held and actions taken:

**1.   PARTIES AND TRIAL COUNSEL:**

The parties before the Court are correctly named as set out below, and the designated trial counsel for the parties are as set out below:

| Parties | Trial Counsel |
|---|---|
| Plaintiff: Ronald P. Little | Gerald L. Miller<br>Redden, Mills & Clark, LLP |
| Defendants: Paul's Body & Paint Shop, Inc., Paul N. Overton, and Wendy Hughes | Stacy Lott Reed<br>Law Office of Stacy Reed |

**COUNSEL APPEARING AT PRETRIAL HEARING:**

Same as trial counsel.

**2.   JURISDICTION AND VENUE:**

Subject matter jurisdiction exists pursuant to 28 U.S.C. §1331 and the Employee Retirement Income Security Act of 1974 (commonly known as "ERISA"), 29 U.S.C. §1001-1461 and in particular 29 U.S.C. §1132(e). Personal jurisdiction and venue are not contested.

3. **PLEADINGS**: The following pleadings were allowed:

Plaintiff's Complaint and the pro se Answer of Defendants.

4. **CONTENTIONS OF THE PARTIES**:

(a) The Plaintiff's contentions: Plaintiff Ronald P. Little was employed by Defendant Paul's Body & Paint Shop, Inc. in Montgomery, Alabama from March, 2003 until October, 2006. Beginning in June, 2005 Mr. Little participated in an employee welfare benefit plan established by the Defendants known as Paul's Body & Paint Shop, Inc., 401(K) Plan. Defendant Paul N. Overton is the owner and operator of Paul's Body & Paint Shop, Inc. and Defendant Wendy Hughes is the employee responsible for all payroll deductions and required notices for the Plan. Defendants deducted certain amounts from Plaintiff's pay and were required, pursuant to the terms of the Plan, to match those deductions and to remit all such funds to the plan investment managers. Although Defendants deducted such amounts from Plaintiff's pay, Defendants failed to timely remit those funds and the employer matching contributions to the plan investment manager. In addition, Defendants failed to notify Plaintiff of their failure to timely make the required payments, failed to provide notices and information required by ERISA and failed to provide such information after written requests by Plaintiff. Defendants breached their fiduciary duties under ERISA by failing to remit and timely remit the funds withheld from Plaintiff's pay, and by failing to notify

Plaintiff that his contributions and the matching employer contributions were not being made or timely made. Plaintiff seeks a permanent injunction, appropriate declaratory relief making Plaintiff whole for all losses incurred, and liquidated damages in the amount of $100 per day, interest, attorney's fees, expenses and costs and such other, different and additional relief and benefits as justice may require.

(b) Defendants' contentions: Plaintiff Ronald P. Little was employed by Defendant Paul's Body & Paint Shop, Inc. in Montgomery, Alabama from March, 2003 until October, 2006. Beginning in June, 2005 Mr. Little participated in an employee welfare benefit plan established by the Defendants known as Paul's Body & Paint Shop, Inc., 401(K) Plan. Defendant Paul N. Overton is the president of Paul's Body & Paint Shop, Inc. and Defendant Wendy Hughes is the employee responsible for all payroll deductions and for remitting said funds to Citistreet. In accordance with the terms of the plan, Defendant Paul's Body & Paint Shop, Inc. deducted certain amounts from Plaintiff's pay and was required, pursuant to the terms of the Plan, to match those deductions equal to 100% of the elective deferrals up to 4% of their compensation, and to remit all such funds to the plan investment managers. Defendant Paul's Body and Paint Shop, Inc. deducted such amounts from Plaintiff's pay, and Defendant Wendy Hughes remitted all payments and matching contributions to the Plan. However, because Citistreet did not provide Defendant Hughes with clear instructions regarding deadlines for remitting payments, some payments were made several weeks late. All of Plaintiff Little's payroll contributions and all matching funds

were made to the plan. Plaintiff Little has not suffered any damages as a result of the delay and was provided with all information relative to the Plan as required by ERISA.

Defendants Wendy Hughes and Paul Overton were acting in their capacity as employees of Paul's Body & Paint Shop, Inc. and are not individually liable for any loss or damages. Defendant Paul's Body & Paint Shop, Inc. is the Plan Sponsor. CitiStreet is the Plan Administrator. Plaintiff Little has been made whole in that all funds and matching contributions were remitted to his retirement account prior to the filing of this lawsuit. Therefore, he has incurred no loss of profit for which he needs to be reimbursed and is not entitled to liquidated damages, interest, attorney's fees, expenses or any other costs associated with his lawsuit.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES**:

A. Plaintiff Ronald P. Little was employed by Defendant Paul's Body & Paint Shop, Inc. from March, 2003 until the end of October, 2006.

B. Defendant Paul's Body & Paint Shop, Inc. is an Alabama corporation with its headquarters in Montgomery, Alabama.

C. Defendant Paul N. Overton is and has at all times relevant to this case been the President of Defendant Paul's Body & Paint Shop, Inc.

D. Defendant Wendy Hughes is an employee of Defendant Paul's Body & Paint Shop, Inc. and is and was at all times relevant to this case responsible for all payroll deductions for Paul's Body & Paint Shop, Inc. 401(k) Plan.

    E. Effective June 1, 2005 Defendants established an employee benefit plan called Paul's Body & Paint Shop, Inc. 401(k) Plan (hereinafter referred to as the "Plan") for the purpose of providing retirement income to its employees.

    F. The Plan is an employee benefit plan within the meaning of ERISA.

    G. Defendant Paul's Body & Paint Shop, Inc. is the plan sponsor within the meaning of ERISA.

    H. Effective June 1, 2005 Plaintiff was a Participant in the Plan.

    I. Beginning in June, 2005 Defendants deducted an amount each week from Plaintiff's pay for investment in the Plan.

**It is ORDERED that:**

**(1) The non-jury trial of this cause, which is to last one day, is set for April 30, 2008, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104.**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

**(3) The plaintiff is required to file proposed findings of fact and conclusions of law by April 23,**

2008. The defendant is required to file proposed findings of fact and conclusions of law by April 28, 2008. The parties are also directed to e:mail their proposed findings of fact and conclusions of law to <propord_thompson@almd.uscourts.gov> in WordPerfect format by the dates specified above;

(4) The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than April 28, 2008.

(5) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling

**order (Doc. No. 11) entered by the court on August 9, 2007; and**

**(7) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.**

**DONE, this the 22nd day of February, 2008.**

                                           /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**